FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 20 2012
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
(PINE BLUFF DIVISION)

| | |
|---|---|
| STEPHEN W. HUSELTON, <br> *Plaintiffs* <br><br> vs. <br><br> UNION PACIFIC RAILROAD CO., <br> *Defendant.* | § § § § § § § § § § § § § <br><br> CIVIL ACTION No. 5:12-CV-0141 JMM <br> **JURY DEMAND** <br><br> This case assigned to District Judge Moody <br> and to Magistrate Judge Deere |

## COMPLAINT

COMES NOW, Plaintiff, STEPHEN W. HUSELTON, complaining of Defendant, UNION PACIFIC RAILROAD COMPANY, A Corporation, Individually and as Successor-in-Interest to the Southern Pacific Transportation Company, the St. Louis Southwestern Railway Company (a/k/a "Cotton Belt"), the Missouri Pacific Railroad Company; the Missouri-Kansas-Texas Railroad Company, and the Chicago & Northwestern Transportation Company, and in support hereof respectfully shows the Court as follows:

### I.

### PARTIES

1. Plaintiff, STEPHEN W. HUSELTON, is an individual and resident of Jefferson County, Arkansas.

2. Defendant Railroad, UNION PACIFIC RAILROAD COMPANY, Individually and as Successor-in-Interest to the A Corporation, Individually and as Successor-in-Interest to the Southern Pacific Transportation Company, the St. Louis Southwestern Railway Company (a/k/a "Cotton Belt"), the Missouri Pacific Railroad Company; the Missouri-

Kansas-Texas Railroad Company, and the Chicago & Northwestern Transportation Company (hereinafter referred to as "**UNION PACIFIC**"), and/or its predecessors-in-interest, were at all relevant times common carriers by railroad, engaged in interstate commerce, in and throughout the United States. UNION PACIFIC can be served with process by serving: <u>**The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201**</u>.

## II.

## JURISDICTION & VENUE

3. At all relevant times, UNION PACIFIC was engaged in interstate commerce as a common carrier by rail, and all or part of Plaintiff's duties have been in furtherance of and have closely, directly and substantially affected interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.*, which grants this Court jurisdiction over this action.

4. Venue is proper in U.S. District Court for the Eastern District of Arkansas because it is the district: (i) in which the cause of action arose; (ii) and/or in which UNION PACIFIC was conducting business at the time this action was commenced. 45 U.S.C. § 56.

## III.

## FACTS

5. Under the Federal Employers' Liability Act (the "FELA"), UNION PACIFIC is liable for damages to any employee suffering injury or death as a result of his or her employment with such carrier, where such injury or death results <u>in whole or in part</u> from the negligence of any of the officers, agents, or employees of UNION PACIFIC, or by reason

of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

6. The FELA places a continuing non-delegable duty on UNION PACIFIC to furnish its employees, including the Plaintiff, with a safe place to work.

7. According to UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, at VII-2, "Asbestos is a term used to describe a number of fibrous silicate minerals mined from deposits in the earth's surface. In its raw form, asbestos appears to be a powdery clay-like material. Under a microscope, however, asbestos resembles sharp needle-like rods stacked one on top of the other."

8. According to UNION PACIFIC's video, Asbestos Awareness Training – Health Risks, I.D. S-321-95, "The adverse health effects associated with asbestos exposure have been studied for many years. Results of these studies and epidemiological investigations have demonstrated that inhaling asbestos fibers may lead to an increased risk of developing one or more diseases. Exactly why some people develop these diseases and others do not, remains a mystery."

9. According to UNION PACIFIC's video, "Asbestos Awareness Training – Health Risks," I.D. S-321-95, "In the 1930s asbestos was generally recognized in England as a disease producing agent. About this time information began to grow in the United States that asbestos was a dangerous agent."

10. By 1935 the Association of American Railroads, of which UNION PACIFIC was a member, observed that "Pneumoconiosis is a condition that may be caused by any kind of dust entering the lungs; but we as railroad surgeons are undoubtedly more interested in silicosis and asbestosis than other types." Moreover, at that time, the Association of

American Railroads recommended that, in order to prevent injuries or illness associated with exposure the these dusts, the railroads should: (i) educate all concerned; (ii) get rid of dust; (iii) sprinkle the working area with water; (iv) have employees wear inhalers; and (v) have frequent analysis made of the dust content of the air at different times during the working hours.

11. Despite knowledge regarding the health hazards associated with occupational exposure to asbestos and/or asbestos-containing dusts, UNION PACIFIC continued to use asbestos and/or asbestos-containing products for decades thereafter.

12. According to UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, "In addition to insulation, asbestos has been used in cement products, plaster, fireproof tiles, vinyl floor tiles, acoustical and thermal insulation and sprayed materials. Numerous locations in rolling stock contain asbestos. These include tape used to wrap steam and hot water pipes on steam locomotives, air compressor pipes on diesel locomotives prior to 1979, tape used to wrap business car piping, sealing and glazing compounds, freight car roof cements, pipe joint insulation, barriers used as insulating blocks on dynamic brake grids, lining in the bottom of fire boxes on vapor steam boilers used on passenger locomotives, gaskets and covers on steam generators, gaskets and heat shields in and around Caban oil heaters in cabooses, composition brakeshoes on locomotives and freight cars prior to 1981, arc-chutes and wire covering on locomotive, flexible trainline insulation, and gaskets generally." *See* UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, at p. 3-4.

13. According to UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, at p. 4, "Direct contact or damage to asbestos materials can occur in a number of ways,

including regular work activities such as hanging pictures or attaching displays to friable material or impacts as part of the work process; maintenance activities involving intentional or accidental contact with the friable material; vandalism; water damage resulting in breaking away layers of material from underlying surfaces; and vibration from sources inside or outside a building."

14. According to UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, at p. 4, "Once fibers have been released, they can remain suspended in the air for many hours, and after settling can be re-suspended by air disturbances."

15. UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, states at VII-2, "Asbestosis is the term used to describe the most common adverse health effect associated with breathing asbestos fibers. It is a debilitating disease that in some ways resembles emphysema. When asbestos fibers enter the lungs, they are imbedded into the tissue, forming nodules of scar tissue. As these nodules form, they reduce the elasticity of the lung and thereby its ability to take up oxygen which, in turn, leads to increasing breathlessness."

16. According to UNION PACIFIC's video, "Asbestos Awareness Training – Health Risks," I.D. S-321-95, "Latency period is the length of time between the exposure to asbestos and the onset of a disease."

17. According to UNION PACIFIC's video, "Asbestos Awareness Training – Health Risks," I.D. S-321-95, "The typical latency period for asbestosis is 15 to 30 years."

18. According to UNION PACIFIC's Asbestos Protection Policy, dated January 1, 1985, at VII-3, "In addition to asbestosis, there is an increased tendency for certain lung and digestive system cancers among asbestos workers."

19. Plaintiff, STEPHEN W. HUSELTON, was employed by UNION PACIFIC from approximately 1967 until approximately 2007, in various capacities including as a Trainman (Switchman, Brakeman, Conductor) in Pine Bluff, Arkansas.

20. As a result of his employment with UNION PACIFIC, Plaintiff was exposed to asbestos and/or asbestos-containing materials and/or dusts and has been diagnosed with an asbestos-related lung disease.

## IV.

## DISCOVERY RULE

21. At all times relevant, Plaintiff was unaware of the dangerous propensities of the asbestos and/or asbestos-containing materials to which he was exposed while employed by UNION PACIFIC. Plaintiff did not learn that he had been injured, or that such injuries were related to his occupational exposure to asbestos and/or asbestos-containing materials until less than three years prior to filing this suit.

22. Additionally, and/or in the alternative, Plaintiff would respectfully show the Court that the limitations period on his claims were tolled by virtue of a tolling agreement executed with the Union Pacific Railroad Company.

## V.

## CAUSES OF ACTION

**Count I:** **Negligence under the F.E.L.A.**

23. Plaintiff's injuries and damages resulted, in whole or in part, from the negligence UNION PACIFIC's officers, agents or employees, or by reason of a defect or insufficiency, due to UNION PACIFIC's negligence, in its cars, engines, appliances, machinery, track,

roadbed, works, or other equipment, in violation of the Federal Employers' Liability Act, 45 U.S.C., 51 *et seq,* including but not limited to the following:

a. UNION PACIFIC continued to purchase, install, and/or use asbestos-containing materials for decades after UNION PACIFIC became aware of the harmful and/or hazardous nature of these materials;

b. UNION PACIFIC failed to inspect its cars, engines, appliances, machinery, track, roadbed, works or other equipment for the presence of asbestos-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

c. UNION PACIFIC failed to remove and/or abate its cars, engines, appliances, machinery, track, roadbed, works or other equipment of asbestos-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

d. UNION PACIFIC failed to warn Plaintiff regarding the presence of asbestos-containing materials and/or of the potential health effects associated with exposure to such products;

e. UNION PACIFIC failed to warn Plaintiff regarding the synergistic effect between smoking and asbestos exposure

f. UNION PACIFIC failed to properly train Plaintiff regarding work with or around asbestos-containing materials;

g. UNION PACIFIC failed to provide Plaintiff with proper respirators for use around asbestos-containing materials;

h. UNION PACIFIC failed to conduct air monitoring to determine the levels of asbestos to which Plaintiff was exposed;

i. UNION PACIFIC failed to provide Plaintiff with comprehensive asbestos medical examinations;

j. UNION PACIFIC failed to medically monitor Plaintiff for asbestos-related conditions;

k. UNION PACIFIC violated and/or disregarded its own policies and/or procedures regarding asbestos-containing materials;

l. Any other act and/or omission by UNION PACIFIC that a jury may find at the time of trial to constitute negligence.

**Count II:   Violation of Locomotive Boiler Inspection Act**

24. While employed by UNION PACIFIC, Plaintiff worked on, in and/or about locomotives and/or tenders while these locomotives and/or tenders were in-use and on-line. These locomotives and/or tenders were laden and/or contaminated with asbestos and/or asbestos-containing materials which made the locomotives and/or tenders unsafe to operate without unnecessary danger of personal injury.

25. Accordingly, UNION PACIFIC by and through its agents, servants and employees, violated the Federal Safety Authorization Act, 49 U.S.C. § 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act, 45 U.S.C. §§ 22-34, by failing to provide Plaintiff with locomotives and/or tenders and its parts and appurtenances which were in a proper and safe condition.

## VI.

## DAMAGES

26. Plaintiff seeks all elements of damages, both in the past and in the future, permitted under the law from UNION PACIFIC including, but not limited to:

   a)   costs for medical care and treatment, in the past and in the future;

   b)   mental anguish, in the past and in the future;

   c)   physical pain and suffering, in the past and in the future;

   d)   fear of cancer, in the past and in the future;

   e)   physical impairment, in the past and in the future;

   f)   all other damages in an amount that Plaintiff would show that he is entitled to at the time of trial;

g) Plaintiff also asserts claims for costs of court and post-judgment interest to the extent allowed by law.

## VII.

## JURY TRIAL

Plaintiff hereby assert his right to a trial by jury and herewith tender the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, STEPHEN W. HUSELTON, demands Defendant Railroad, UNION PACIFIC RAILROAD COMPANY, A Corporation, answer herein as the law directs; and that this Court enter Judgment against UNION PACIFIC for actual and special damages together with interest thereon at the legal rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, which may be just and proper under the law.

Respectfully submitted,

SAMMONS & BERRY, P.C.

_____
J. KIRKLAND SAMMONS
Arkansas Bar No.: 2006018
4606 Cypress Creek Pkwy.
Suite 600
Houston, Texas 77069
Tel.: (800) 519-1440
Fax: (832) 448-9170
**ATTORNEYS FOR PLAINTIFF**